## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TRISTIAN D. BOLONGIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-00635-JD |
| | ) | |
| TARGET CORPORATION; SANTINKA | ) | |
| TAYLOR; JILL VAUGHN; MARY KATE | ) | |
| FLESCH; HARIS MANGIC; LUKE | ) | |
| WIBLE; and SAMANTHA PEQUIN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court are the Motion to Strike Portions of Plaintiff's First Amended Complaint ("Motion to Strike") [Doc. No. 15], and the Motion to Dismiss Plaintiff's Amended Complaint ("Motion to Dismiss") [Doc. No. 16], brought by Defendants Target Corporation ("Target"), Mary Kate Flesch, Jill Katherine Vaughn, Haris Mangic, Santinka Anita Taylor, and Samantha Pequin ("Defendants").[1] Plaintiff Bolongia responded to Defendants' motions. [Doc. Nos. 30–31]. Defendants replied to Bolongia's responses. [Doc. Nos. 32–33]. And, with the Court's permission, Bolongia filed a combined surreply. [Doc. No. 36].

For the reasons stated below, the Court DENIES Defendants' Motion to Dismiss. The Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Strike.

---

[1] Defendant Luke Wible is listed on the Motion to Strike but not the Motion to Dismiss.

## I.    BACKGROUND

Tristian Bolongia brings this action against Target and multiple former co-workers for discrimination under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. [Doc. No. 11 at 4, 12]. Bolongia worked for Target from 2017 to 2021, during which time Bolongia alleges he was subject to racially motivated discriminatory treatment. *See id.* Bolongia filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), which terminated its investigation and issued a right to sue letter on May 6, 2021. *Id.* at 8.

Bolongia filed three total complaints with the Court, most recently on July 29, 2025. Bolongia alleges a variety of harms stemming from various defendants, including (1) decreased "quality of life," (2) "extreme anxiety," (3) "permanent distrust in leadership," (4) "emotional anguish," (5) "lasting psychological distress," (6) "chronic anxiety," (7) "clinical depression," (8) "harmed career trajectory," and (9) "permanently scarred . . . perception of corporate employers." *Id.* at 16–18. He asks for $5,459.00 in compensatory damages for back pay and front pay, $774.00 for costs and fees, and $30,000,000.00 in punitive damages. *Id.* at 20.

Defendants move to dismiss Bolongia's claim for defective process and insufficient service of process. [Doc. No. 16]. Defendants also move to strike portions of Bolongia's Second Amended Complaint. [Doc. No. 15].

## II.    LEGAL STANDARDS

Personal jurisdiction over defendants in a civil action arises only upon proper process and service of that process—deficiencies are challenged under Federal Rules of

Civil Procedure 12(b)(4) and 12(b)(5). Rule 4 provides a precise mechanism for process and service: "[T]he plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." Fed. R. Civ. P. 4(b). "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed . . . ." Fed. R. Civ. P. 4(c)(1). And filing an amended complaint "supersedes a prior complaint and renders it of no legal effect." *Tufaro v. Okla. ex rel. Bd. of Regents*, 107 F.4th 1121, 1137 (10th Cir. 2024) (internal quotation marks and citation omitted).

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). An unsigned summons violates the text of Rule 4(b), and thus district courts have held that "[a] summons which is not signed and sealed by the Clerk of the Court fails to confer personal jurisdiction over the defendants." *Sarnella v. Kuhns*, No. 17-cv-02126-WYD-STV, 2018 WL 1444210, at *2 (D. Colo. Mar. 23, 2018) (citing *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996)). Provided process is not defective, the plaintiff bears the burden to establish proper service. *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).

III.    <u>**ANALYSIS**</u>

A.    **Bolongia's process and service of process were not facially defective.**

Defendants claim Bolongia attempted to serve process using unsigned and unsealed affidavits. [Doc. No. 16]. They further argue Bolongia's inapposite response briefing waives any argument on the issue. [Doc. No. 33 at 3].

To be sure, Bolongia's response brief to the Motion to Dismiss consists of nonresponsive arguments on pleading sufficiency inapplicable to issues of process defects and service insufficiency. *See generally* [Doc. No. 31] (consisting of arguments on the *Twombly/Iqbal* pleading standards). But Bolongia did file return of service affidavits from process servers stating that the "summons" had been received and served on all but one defendant between July 25 and July 28, 2025. [Doc. No. 21]. And absent evidence to the contrary, the Court must presume the affidavits' references to "summons" refer to the signed and sealed summonses issued by the Clerk after the filing of Bolongia's First Amended Complaint. *See* [Doc. No. 10] (signed and sealed summonses issued by the Clerk and mailed to Bolongia).

Had Defendants desired to raise a factual dispute on defective process (rather than a facial one) they could have submitted affidavits and exhibits of their own, showing the allegedly unsigned and unsealed summonses. But they didn't.[2] After Bolongia filed his

---

[2] It is possible that counsel for Defendants inferred Bolongia served the unsigned copies of the summonses he included in the Second Amended Complaint. But extraneous blank summonses included in a pro se litigant's complaint would not directly indicate that those were the actual summonses served upon the defendants. Certainly Bolongia's filing makes no such indication, and timing precludes that inference as Bolongia filed the Second Amended Complaint on July 29, 2025, after the service affidavits state the

return service affidavits, Defendants filed a reply to Bolongia's response opposing the Motion to Dismiss, and this reply also lacked any affidavits showing unsigned and unsealed summonses. *See generally* [Doc. No. 33] (lacking affidavits or exhibits). Defendants likewise did not request leave to amend their Motion to Dismiss with such evidence, which they could have done considering Bolongia's filing of the return of service affidavits was untimely under Local Civil Rule 4.2. Instead, Defendants' reply shifts their argument to rely on the deficiencies of Bolongia's response brief in failing to deny the allegation of unsigned and unsealed summonses. [Doc. No. 33 at 3–4].

This is a somewhat strange course of action. The very first sentence in Defendants' Motion to Dismiss alleges that "Plaintiff did not serve any of the Defendants with a summons bearing the signature of the Court Clerk or the seal of the Court." [Doc. No. 16 at 1]. A few affidavits using the evidence physically placed in the hands of the defendants would definitively dispose of this issue, but the defense has instead chosen to rely on a waiver argument directly contradicted by the record.

Defendants brought a facial challenge to Bolongia's process, relying on Bolongia's burden of proof and the lack of return affidavits filed at the time. *Id.* That has since changed, [Doc. No. 21], and in the absence of sworn affidavits contradicting Bolongia's prima facie evidence of proper service, the Court must take Bolongia's affidavits at face value. This is because the validity of process service attaches with the act itself, and

---

summonses were served on all but one defendant. *Compare* [Doc. No. 11] (filed July 29, 2025), *with* [Doc. No. 21] (return of service affidavits showing service completed between July 25 and July 28, 2025).

defects in proof of valid process service are no barrier. Fed. R. Civ. P. 4(l)(3). Moreover, "factual disputes at this [pleading] stage must be resolved in the plaintiff's favor when the parties present conflicting affidavits," and here only Bolongia presents evidence supported by affidavit. *Oaklawn Apartments*, 959 F.2d at 174. Thus, Bolongia's process is valid, and the Court denies that ground for dismissal. In doing so, the Court does not assume the role of advocate for a pro se litigant, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), but merely takes note of the evidence present in its own docket, [Doc. No. 21]. Moreover, the context of Bolongia's filing of the return of service affidavits— which occurred alongside multiple procedurally defective attempts to respond to Defendants' motions—shows that Bolongia filed the return of service affidavits in response to the Motion to Dismiss. *See* [Doc. Nos. 21–27] (showing the return of service affidavits filed on the same date as untimely responses for which Bolongia had not yet requested leave to file).[3]

### B.    Bolongia made proper service of process on Defendant Vaughn.

"Any person who is at least 18 years old and not a party may serve a summons and complaint," Fed. R. Civ. P. 4(c)(2), and service within the United States may be completed by "delivering a copy of the summons and of the complaint to the individual personally," Fed. R. Civ. P. 4(e)(2)(A). "[I]t is well-settled that the effect of a written notice cannot be avoided by refusing service of that notice." *Reliance Ins. Co. v. Mast*

---

[3] To the extent Bolongia's filing of the return of service affidavits was untimely under Local Civil Rule 4.2, no party raised the timeliness of that filing, so the Court waives the requirement with respect to that filing [Doc. No. 21]. *See* LCvR1.2(c).

*Constr. Co.*, 159 F.3d 1311, 1318 (10th Cir. 1998). Moreover, "a defendant cannot refuse or avoid service on a technical ground, and then exclaim he has not been correctly served." *Nikwei v. Ross Sch. of Aviation, Inc.*, 822 F.2d 939, 946 (10th Cir. 1987).

Here, Bolongia's return of service affidavits states Defendant Vaughn's identity was "confirmed by . . . nodding when named" and that Vaughn "tried to refuse service by not opening door and did not state reason for refusal." [Doc. No. 21 at 3]. The affidavit further states Vaughn saw the documents and that they were left in her presence. *Id.* The context here implies Vaughn also understood the nature of the documents, and she provides no affidavit indicating otherwise. *Id.*

In the presence of Bolongia's return of service affidavit—and in the absence of any affidavits from Vaughn averring she did not understand the nature of the interaction—the Court must find that service of process was properly made on Vaughn.

C.    **Bolongia must serve the Second Amended Complaint under Federal Rule of Civil Procedure 5.**

Because the Second Amended Complaint is the operative complaint, Bolongia must also serve that pleading on all parties. Once a person is properly served with a summons and then-operative complaint, he or she becomes a party to the case. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Those parties need not be re-served with a summons when a plaintiff files a subsequent amended complaint, but Federal Rule of Civil Procedure 5(a)(1)(B) still requires that any "pleading filed after the original complaint" be "served on every party." The word "served" in Federal Rule of Civil Procedure 5 does not mean the paper must be delivered

through a process server as in Rule 4. Rather, a litigant must simply deliver a copy to defense counsel via some means described in Federal Rule of Civil Procedure 5(b).

Here, the return of service affidavits indicate the summonses and First Amended Complaint were properly served on all defendants except Defendant Wilbe. [Doc. No. 21]. As above, Defendants provide no documentary evidence to the contrary. And the timing shows that the First Amended Complaint was the operative complaint at the time of service. *Compare* [Doc. No. 11] (filed July 29, 2025), *with* [Doc. No. 21] (return of service affidavits showing service completed between July 25 and July 28, 2025). That means all defendants except Wilbe are now parties.

But the Second Amended Complaint lacks a certificate of service verifying that the document has been served on all parties in compliance with Federal Rule of Civil Procedure 5(a)(1)(B). *See generally* [Doc. No. 11] (lacking any certificate of service). Therefore, the Court will order Bolongia to show proof of compliance with this requirement by December 5, 2025. The Court will also order Bolongia to show cause in writing by December 5, 2025, why this action should not be dismissed as to Wilbe for failure to make service of process. *See* Fed. R. Civ. P. 4(m).

### D. Bolongia properly filed his Second Amended Complaint as a matter of course.

Federal Rule of Civil Procedure 15(a)(1)(B) allows a plaintiff to "amend its pleading once as a matter of course" within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." And this provision "guarantee[s] a plaintiff an absolute right" to that amendment.

8

*Am. Bush v. City of Salt Lake*, 42 F. App'x 308, 310 (10th Cir. 2002) (unpublished);

*Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015). "Moreover, the

rule is 'organized substantively, not chronologically' and 'does not prescribe any

particular sequence for the exercise of its provisions.'" *Nuclear Watch New Mexico v.*

*U.S. Dep't of Energy*, No. 1:16-cv-00433-JCH-SCY, 2018 WL 3405256, at *7 (D.N.M.

July 12, 2018) (quoting *Ramirez*, 806 F.3d at 1007).

  The Second Amended Complaint is Bolongia's first amended complaint filed as a

matter of course. He filed it prior to the filing of Defendants' motions, and there is no

indication on the docket or in the arguments before the Court that the time frame under

the rule was not met. *See* [Doc. No. 11] (filed July 29, 2025); [Doc. Nos. 15, 16] (both

filed Aug. 15, 2025). Bolongia filed the First Amended Complaint in response to the

Court's order that he do so to cure deficiencies in the original complaint—this was not

done "as a matter of course" within the meaning of Federal Rule of Civil Procedure

15(a)(1)(B). *See* [Doc. No. 4] (ordering Bolongia to cure deficiencies in his original

complaint). For these reasons, the Second Amended Complaint was properly filed

without leave of Court or consent of Defendants, and it is the operative complaint in this

action. The Court will therefore deny Defendants' Motion to Strike to the extent the

motion alleges that filing the Second Amended Complaint was improper under Rule

15(a)(1)(B).

E.    **Extraneous and non-compliant portions of the Second Amended Complaint must be stricken.**

The Second Amended Complaint contains, beginning at page 22, numerous materials that are not part of a pleading under Federal Rule of Civil Procedure 8(a)(2), including a legal memorandum on equitable tolling, copies of summonses, and multiple motions seeking distinct forms of relief. [Doc. No. 11 at 22–75].

Local Civil Rule 7.1(c) requires that "[e]ach motion filed shall be a separate document," and Local Civil Rule 6.3 prescribes the procedure for extension requests, including a statement of opposing counsel's position. Plaintiff's inclusion of these materials in his complaint violates both the Local Civil Rules and pleading requirements of Rule 8(a)(2), which call for "a short and plain statement of the claim showing that the pleader is entitled to relief."

Accordingly, the Court will strike pages 22–75 of Plaintiff's Second Amended Complaint. [Doc. No. 11]. Pages 1–21 of that filing, which contain Plaintiff's factual allegations and prayers for relief, shall remain as the operative complaint in this action.

IV.    <u>**CONCLUSION**</u>

For these reasons, the Court DENIES Defendants' Motion to Dismiss. The Court GRANTS Defendants' Motion to Strike as it regards pages 22 to 75 of Plaintiff's Second Amended Complaint [Doc. No. 11], and those pages are thus STRICKEN. The remainder of Defendants' Motion to Strike is DENIED.

Bolongia is ORDERED to serve the Second Amended Complaint on all parties and file a certificate of service with the Court by December 5, 2025. Failure to file such

certificate of service will result in dismissal of this action without prejudice to refiling and without further warning by the Court or opportunity to cure.

Bolongia is further ORDERED to SHOW CAUSE in writing by December 5, 2025, explaining why the Court should not dismiss this action as to Defendant Wilbe for failure to make service of process. Bolongia may comply with the Court's order to show cause by filing a return of service affidavit within the same deadline showing service of process on Defendant Wilbe. Failure to comply with this order will result in dismissal of this action as to Defendant Wilbe without further warning by the Court or opportunity to cure.

IT IS SO ORDERED this 14th day of November 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE